FILED'11 MAY 24 09:26USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY W. EMMERT, dba Emmert　　　　　　　　　　　Civil No. 10-1168-AA
Development Company,　　　　　　　　　　　　　　　OPINION AND ORDER

　　　　　Plaintiff,

　　v.

WELKIN ENGINEERING, P.C., an
Oregon corporation, THE INTERNAL
REVENUE SERVICE, THE OREGON
DEPARTMENT OF REVENUE, JOHN M.
BERMAN, and J. RION BOURGEOIS,

　　　　　Defendants.
_____

Stuart M. Brown
Wiles Law Group
510 SW 5th Ave., 6th Floor
Portland, Oregon 97204
　　　Attorney for plaintiff

John M. Berman
Attorney at Law
7175 SE Beveland St., Suite 210
Tigard, Oregon 97223
　　　Attorney for defendant
　　　Welkin Engineering, P.C.

Dwight Holton
United States Attorney

PAGE 1 - OPINION AND ORDER

District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

Quinn P. Harrington
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044
    Attorneys for defendant the
    Internal Revenue Service

AIKEN, Chief Judge:

    Plaintiff, Terry Emmert, brings this action for attorney fees pursuant to Or. R. Civ. P. 31(C). Defendants, the Internal Revenue Service and John Berman, individually object to plaintiff's petition and each move for the distribution of funds. For the reasons set forth below, plaintiff's petition is denied and defendants' motions are granted.

## BACKGROUND

    Welkin Engineering, P.C. ("Welkin") brought a lawsuit against Terry Emmert, dba Emmert Development Company ("Emmert"), alleging breach of contract and account stated. See Decision (July 31, 2010), Case No. CV 09-100-536. Prior to instituting the lawsuit, Welkin was served with a levy from the Internal Revenue Service ("IRS") and the Oregon Department of Revenue ("ODR") for taxes owed. Welkin instituted the lawsuit against Emmert with the understanding that any funds obtained would be owed to the taxing authorities.

    On July 31, 2010, Judge Norby issued a decision in favor of Welkin. On August 18, 2010, Welkin obtained a judgment against Emmert. On August 25, 2010, rather than paying the judgment

pursuant to Or. Rev. Stat. § 18.235 or paying the levies from the ODR or the IRS, as well as a claim for attorney fees from Welkin's counsel, Emmert filed an interpleader complaint in the Clackamas County Circuit Court. Emmert sought to deposit $51,471.69 in order to satisfy its liability against Welkin. On September 27, 2010, the IRS removed the interpleader action to this Court.

On February 16, 2011, plaintiff deposited $53,182.11 into this Court's registry. By that time, defendants agreed that they would receive the following distributions from the interpleaded funds: first priority, Welkin's counsel, John Berman and J. Roin Bourgeois (collectively referred as "Berman"), in the amount of $19,798.38, to fulfill a contingency fee contract; second priority, the ODR, in the amount of $2,309.29; and third priority, the IRS, scheduled to receive the balance of the funds in the amount of $31,074.44.

After depositing the interpleaded funds in the Court's registry, plaintiff filed a petition for attorney fees and costs, which total approximately $11,500. The IRS and Berman each object to plaintiff's petition, and move for distribution of funds.

### DISCUSSION

Plaintiff alleges that he is a disinterested stakeholder, and as such, entitled to attorney fees and costs pursuant to Or. R. Civ. P 31(C). The IRS objects to plaintiff's petition for attorney fees and costs on the ground that such an award would

PAGE 3 - OPINION AND ORDER

impermissibly reduce the recovery of its tax lien.  Berman objects to plaintiff's petition on additional grounds: "1) [t]his case was never necessary, especially as to the attorney fee lien[;]  2) [p]laintiff is not a disinterested party; 3) [i]t is highly unlikely that [p]laintiff has in fact incurred the legal fees being sought; 4) [t]he fees are not reasonable; and 5) [p]laintiff's conduct does not justify any request for fees or costs."  Df. Berman Resp. Brf. at pg. 3.

I.  Standard for Awarding Attorney Fees in an Interpleader Action

It is within the discretion of the district court to award attorney fees and costs to a disinterested stakeholder in an interpleader action.  First Interstate Bank, N.A. v. U.S. By & Though I.R.S., 891 F.Supp. 543, 546 (D. Or. 1995).  The attorney fee award must be "paid from the funds . . . ordered interpleaded by the court."  Or. R. Civ. P. 31(C).  Courts within this district define a disinterested stakeholder as "a person or entity who possesses a fund to which adverse claims are made, but who personally has no claim or interest in the fund."  First Interstate Bank, 891 F.Supp. at 546.  Courts routinely grant such awards absent a showing of bad faith.  Id. at 548.

A court may not, however, reduce a fund encumbered by a federal tax lien to award attorney fees and costs to an interpleader plaintiff when such an award would jeopardize satisfaction of the federal tax lien.  Id.  Thus, a federal tax lien has priority over an interpleader's claim for attorney fees.  Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516-7 (9th Cir.

PAGE 4 - OPINION AND ORDER

1984); see also 26 U.S.C. §§ 6321, 6322. Consequently, a claim for attorney fees by a disinterested stakeholder can only be awarded when the interpleaded funds exceed the amount of the federal tax lien. See First Interstate Bank, 891 F.Supp. at 548-9.

## II. The IRS's Objection to Plaintiff's Petition

Plaintiff does not dispute the fact that its attorney fee request cannot diminish the amount to be paid to the IRS. Rather, plaintiff argues that attorney fees should be deducted from the funds that the ODR and Berman are entitled to receive. Specifically, plaintiff asserts that because the amount requested by plaintiff is less than the amount defendants agree is owed to the ODR and Berman, an award of attorney fees from this amount will have no impact on the IRS's allocation of the funds, and as such, will not "reduce the fund impressed by a federal tax lien." Pl. Reply Brf. at pg.3.

Plaintiff asserts that his claim for attorney fees should circumvent the priority of all three defendants, since there is no authority supporting the priority of the ODR and Berman's claims over that of the IRS. Plaintiff's argument misconstrues the law and facts surrounding this case, and the legal concept of priority in general, in two key ways.

First, because the judgment from the underlying litigation is insufficient to fully satisfy the IRS's lien, the interpleader fund is immune from attorney fee reductions. See First Interstate Bank, 891 F.Supp. at 548-9. Here, the IRS made an

PAGE 5 - OPINION AND ORDER

assessment of $41,319.01 for unpaid federal payroll taxes, plus statutory addition, against Welkin in 2008. As such, a lien, totaling nearly $55,000 by the date of the Welkin/Emmert trial, arose in favor of the IRS. Because the amount owed by Welkin exceeded the value of the judgment, the IRS received a priority position to the entirety of the interpleaded funds. See 26 U.S.C. §§ 6321, 6322. Thus, the IRS has priority over plaintiff until its lien is fully satisfied. Therefore, even assuming that the ODR and Berman are not entitled to priority over plaintiff, plaintiff would not be entitled to attorney fees because such an award would impermissibly "deplete the fund prior to total satisfaction of the [IRS's] lien." Abex Corp., 748 F.2d at 516-7.

Second, contrary to plaintiff's contention, ample authority supports the priority of Berman and the ODR's liens over the IRS. As discussed above, the IRS is entitled to a lien upon all property and rights to property belonging Welkin. Where there are competing claims, federal law controls the determination of priority among the parties. Aquilino v. U.S., 363 U.S. 509, 513-4 (1960). Under federal law, any state or local assessment that precedes the IRS's earliest assessment is entitled to priority. See U.S. v. City of New Britain, 347 U.S. 81, 85 (1954) ("[t]he principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds . . ."). A valid attorney's lien under local law is also entitled to priority under federal law. 26 U.S.C. §

PAGE 6 - OPINION AND ORDER

6323(b)(8).

Like the IRS, the ODR made tax assessments against Welkin. Two of the ODR's assessments precede the IRS's earliest assessment, and as such, are entitled to priority over the IRS's claim. See City of New Britain, 347 U.S. at 85. Therefore, the ODR has priority for the value of these two earlier assessments, which now total $2,309.29, over the IRS's tax lien.

In addition, Berman made a valid claim for attorney fees and costs, based upon a contingency fee agreement with Welkin made pursuant to the underlying litigation. Under Oregon law, "the lien created by ORS 87.445 (Attorney's lien upon actions and judgments) is superior to all other liens." Or. Rev. Stat. § 87.490. Accordingly, Berman's valid state attorney fee claim is accorded priority over federal and state liens. See 26 U.S.C. § 6323(b)(8) (attorney liens are accorded priority where the attorney "under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment"). Therefore, Berman has priority in the amount of $19,788.38 (representing one-third of the Welkin/Emmert judgment plus approximately $2000 in court costs) over the IRS's and the ODR's tax liens.

Finally, because Berman and the ODR have priority over the IRS under state and federal law, and because the IRS's lien has priority over a claim for attorney fees until fully satisfied, plaintiff's claim for attorney fees pursuant to ORCP 31(C) fails.

PAGE 7 - OPINION AND ORDER

Consequently, it is unnecessary for this Court to further discuss defendant Berman's objections to plaintiff's petition for attorney fees and costs.

## CONCLUSION

Plaintiff's petition for attorney fees (doc. 15) is DENIED. Defendants Berman (doc. 20) and the IRS's (doc. 18) motions for the distribution of funds are GRANTED.

Accordingly, the inderpleaded funds are allocated in the following manner:

> 1st: the sum of $19,798.38 shall be disbursed to defendant Berman, plus a pro rata share of interest;
>
> 2nd: the sum of $2,309.29 shall be disbursed to defendant ODR, plus a pro rata share of interest; and
>
> 3rd: the remaining sum of $31,074.44 shall be disbursed to the IRS, plus a pro rata share of interest.

IT IS SO ORDERED.

Dated this 20th day of May 2011.

                                                    Ann Aiken
                                   United States District Judge